UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK A. KOLLAR,

      Plaintiff(s),

v.                        CASE NO.   8:04-CV-937-T-17TGW

MARK WELLS, et al.,

      Defendant(s).

_____/

ORDER

    This cause is before the Court on:

    Dkt. 6 Motion to Dismiss
    Dkt. 7 Response

    This case is a Complaint for: 1) Count I - Conversion - Wells; 2) Count II - Conversion - Pennachio; 3) Count III - Civil Theft - Wells; 4) Civil Theft - Pennachio; 5) Fraud - Wells; and 6) Fraud - Pennachio.

I.   Fraud

    Defendants seek dismissal of Counts V and VI for failure to allege fraud with sufficient particularity.  Defendants argue that there are no specific allegations regarding the exact statements made, the time and place of the statement, the content of the statement, or the way the statement misled the plaintiff. Defendants also argue that these Counts merely allege a failure of performance.

    Plaintiff responds that the allegations of the Complaint identify each individual Defendant, indicate the representations made to Plaintiff by each Defendant, and show that the Defendants

Case No. 8:04-CV-937-T-17TGW

gained $25,000 each as a result of their statements.  Plaintiff
relies on <u>C.S.I.R. Enterprises v. Sebright Agency</u>, 214 F.Supp.2d
1276 (M.D. Fla. 2002).

The Court notes that in the Complaint, there is no
allegation of place, and the only allegation of time is a
relative term--sometime before June 30, 2002, the date on the
checks.  After consideration, the Court grants the Motion to
Dismiss as to the fraud counts, with leave to amend.

II.  Economic Loss Rule

Defendants argue that in the absence of personal injury or
property damage, a party is generally not entitled to pursue a
tort action to recover economic losses.  Defendants argue that it
is apparent from the face of the Complaint that the plaintiff is
claiming that there was an oral agreement or an implied agreement
between the parties regarding the sale of stock to plaintiff.
Defendants argues that there is no tort that is independent from
the breach of an agreement between the parties.

Plaintiff responds that the economic loss rule does not bar
the claims for fraud, conversion, or for civil theft.

A.  Fraud

The economic loss rule does not bar fraud claims based on
facts that are independent from the facts relating to performance
of a contract.  Fraud in the inducement is an independent tort.
The Court therefore denies the Motion to Dismiss as to fraud.

2

Case No. 8:04-CV-937-T-17TGW

B.   Conversion

After consideration, the Court denies the Motion to Dismiss Plaintiff's claim for conversion because the claim goes beyond the failure to comply with the terms of any agreement between the parties.  See HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238 (Fla. 1997).

C.   Civil Theft

Plaintiff has brought a claim under Section 812.014(1), Fla. Stat.   The Court is required to construe Florida law as the Florida Supreme Court construes it.  Since the Florida Supreme Court has held that the economic loss rule does not bar statutory causes of action, see Comptech International v. Milam Commerce Park, Ltd., 753 So.2d 1219, 122-23 (Fla. 1999), the Court denies the Motion to Dismiss as to this issue.  The Court agrees that its decision in C.S.I.R. Enterprises, Inc. v. Sebrite Agency, Inc., 214 F.Supp.2d 1276 (M.D. Fla. 2002) interpreted Comptech too narrowly, and did not adequately take into account the doctrine of separation of powers.  See Indemnity Ins. Co. v. American Aviation, Inc., 891 So.2d 532 (Fla. 2004).

III.  Lack of Jurisdictional Amount

Defendants argue that the Complaint alleges that Plaintiff provided $25,000 to each Defendant, and the jurisdictional amount is not sufficient.

3

Case No. 8:04-CV-937-T-17TGW

The Court has denied the Motion to Dismiss the claims for civil theft and conversion, and will permit the fraud claim to proceed after amendment.  After consideration, the Court denies the Motion to Dismiss as to jurisdictional amount.  Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss is **granted in part** and **denied in part**, with leave to amend within ten days.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 5TH day of October, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All
parties and counsel of record